KENNARD, J.,*
Concurring and Dissenting.—I join the majority in upholding defendant’s convictions for murder, robbery, and attempted robbery, as well as his death sentence. But I disagree with the majority’s rejection of defendant’s claim that the trial court erred when it applied the “Three Strikes” law (Pen. Code, §§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) to double his five-year sentence for robbery. (See maj. opn., ante, at p. 1334.)
Defendant argues that because his prior “strike” was an adjudication in juvenile court, as to which he had no right to trial by jury, the federal Constitution’s Sixth Amendment right to a jury trial barred the trial court from using the prior juvenile adjudication to double his sentence for robbery. The majority disagrees, relying on this court’s previous rejection of a similar claim in People v. Nguyen (2009) 46 Cal.4th 1007 [95 Cal.Rptr.3d 615, 209 P.3d 946] (Nguyen).
*1338 I dissented in Nguyen. As my dissent explained, “the Sixth Amendment’s right to a jury trial does not permit a trial court to impose additional punishment that is based on prior juvenile criminal conduct for which there was no right to a jury trial.” (Nguyen, supra, 46 Cal.4th at p. 1034 (dis. opn. of Kennard, J.).) Thus, the trial court here erred in using defendant’s prior juvenile adjudication to double defendant’s sentence for robbery. Therefore, I would direct the clerk of the superior court to modify the judgment by dismissing defendant’s prior “strike” and by reducing his robbery sentence to an undoubled term of five years.

Retired Associate Justice of the Supreme Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.